White, J.
Had the railroad company obstructed the highway without authority, section 17, of: the act establishing boards of county commissioners, as amended March 7, 1873 (70 O. L. 53) would have afforded an adequate remedy. Little Miami R. R. Co. v. Commissioners of Greene County, 31 O. S. 338.
But the amended petition, on which the case was adjudicated, is founded on an agreement entered into between the commissioners and the railroad company, under section 12 of the act providing for the creation and regulation of incorporated companies, as amended April 15, 1857. S. & O. Stats. 278. The agreement prescribes the terms and conditions upon which the railroad company was to occupy and use the highway; and the *208 company having taken possession of the highway and appropriated it to the uses of the railroad, under the agreement, the question is whether the company is bound to perform the agreement on its part.
The company rests its defense on section 4 of the act of April 8, 1856, further to prescribe the duties of county commissioners. S. & C. Stats. 249. The section is as follows: “It shall be essential to the validity of every contract entered into by the county commissioners, or order made by them, that the same shall have been assented to at a regular or special session thereof, and entered in the minutes of their proceedings by the auditor. ”
The ground on which the company claims to be relieved from the performance of the agreement, is that it was not entered in the minutes of the proceedings of the commissioners as required by this section.
The object of the section is to protect the county from liabilities of the character named in the section, unless they are evidenced or authenticated in the mode prescribed. But where the agreement has been fully executed by the commissioners on the part of the county, and the defendant is in the full enjoyment of the lights and benefits intended to be conferred by the agreement, the failure to record cannot avail as a defense. The defendant is, in such case, upon the plainest principles of justice, precluded from raising the question.
Judgments reversed, demurrer sustained to the second defense, and the cause remanded to the court of common pleas for further proceedings.